

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2009

# USA v. Wilson-Garcia

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4463

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Wilson-Garcia" (2009). *2009 Decisions.* Paper 1910.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1910

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4463
_____

UNITED STATES OF AMERICA

v.

RIGOBERTO WILSON-GARCIA,
                                        Appellant

_____

On Appeal From the United States District Court
for the Western District of Pennsylvania
(Criminal No. 06-cr-00055)
District Judge:  Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2009

Before: CHAGARES, HARDIMAN, Circuit Judges, and ELLIS[*] District Judge.

(Filed: February 6, 2009)

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

_____

[*] The Honorable Thomas S. Ellis III, Senior District Judge for the United States
District Court for the Eastern District of Virginia, sitting by designation.

Rigoberto Wilson-Garcia appeals from a judgment of conviction, arguing that the District Court plainly erred in instructing the jury at his trial. The threshold question before us is whether, even assuming that the jury instructions were erroneous, the errors were invited and thus nonreviewable where Wilson-Garcia's proposed instructions were the *exact* instructions that the District Court actually delivered to the jury, and Wilson-Garcia specifically requested that the District Court give those instructions. We conclude that any error in this case was invited, and we will therefore affirm the District Court's judgment.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

On March 24, 2006, Wilson-Garcia, a prison inmate, was involved in an altercation with a fellow inmate. Several officers of the Federal Bureau of Prisons tried to break up the fight, ordering the inmates to stop and eventually physically restraining them. At some point during this altercation, Wilson-Garcia injured two of the officers with a pair of scissors he was holding.

On July 11, 2007, Wilson-Garcia was charged with two criminal counts (one for each officer) of intentionally and unlawfully forcibly assaulting, resisting, opposing, impeding, intimidating, interfering, and inflicting bodily injury upon officers of the Federal Bureau of Prisons while they were engaged in the performance of their duties, in

violation of 18 U.S.C. §§ 111(a)(1) and (b).  With the assistance of counsel, Wilson-Garcia contested these charges and proceeded to trial.

At trial, Wilson-Garcia argued that at the time he injured the officers, he was in a fight for his life against a substantially larger inmate who was attacking him with a shank. He claimed that he was acting in self-defense and did not intend to injure the officers. After a two-day trial, the jury found Wilson-Garcia guilty of one count and acquitted him of the other.  The District Court sentenced Wilson-Garcia to 150 months imprisonment consecutive to another sentence he was serving, and imposed a $100 special assessment.

Wilson-Garcia filed a timely notice of appeal.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  Because Wilson-Garcia is appealing from a final judgment of conviction, we have jurisdiction pursuant to 28 U.S.C. § 1291.  See Flanagan v. United States, 465 U.S. 259, 263 (1984); Catlin v. United States, 324 U.S. 229, 233 (1945).

Generally, we "review jury instructions for abuse of discretion to determine whether they are misleading or inadequate," and we have plenary review over "whether the instructions misstate the law."  Woodson v. Scott Paper Co., 109 F.3d 913, 929 (3d Cir. 1997).  Where the moving party failed to make a timely objection, however, we review for plain error.  See Hurley v. Atl. City Police Dep't, 174 F.3d 95, 123-124 (3d Cir. 1999).  The plain error determination is left to the sole discretion of this Court and

3

this discretion should be exercised sparingly. Id. at 123. If the moving party establishes that "(1) the court erred; (2) the error was obvious under the law at the time of review; and (3) the error affected substantial rights," then this Court *may* grant the moving party's motion. United States v. Guadalupe, 402 F.3d 409, 410 n.1 (3d Cir. 2005). We only exercise our discretion to grant relief, however, "if the error affects the fairness, integrity or public perception of the proceeding." Id. Moreover, where a party invites the alleged error, that error cannot support reversal. United States v. West Indies Transport, Inc., 127 F.3d 299, 306 (3d Cir. 1997).

III.

Wilson-Garcia contends that the District Court committed plain error when (1) it failed to *sua sponte* alter the self-defense instruction that Wilson-Garcia requested to state that self-defense was a complete defense to any conduct set forth in 18 U.S.C. § 111, not just assault; and (2) it failed to *sua sponte* alter the (allegedly "flawed and confusing") intent instruction that Wilson-Garcia requested to state specifically that the Government had to prove that Wilson-Garcia intended to cause bodily injury. We conclude that if there was any error at all, it was "invited error" that cannot now serve as a basis for reversal.

In United States v. West Indies Transport, Inc., we held that an error in the jury instructions was "invited error" that did not support reversal where defendants failed to request the instruction that they asserted on appeal and where "their proposed instruction

was remarkably similar to that actually delivered by the district court."  127 F.3d at 306.

Moreover, in 2660 Woodley Road Joint Venture v. ITT Sheraton Corp., we held that even

a "fundamental error" in jury instructions cannot serve as a basis for reversal where the

defendant failed to submit a correct instruction.  369 F.3d 732, 744 (3d Cir. 2004) (noting

that even "assuming that the instruction was wrong, it was tantamount to invited error").

The factual context here calls for application of the "invited error" doctrine.  In

fact, this case is easier than West Indies Transport and 2660 Woodely Road Joint Venture

because Wilson-Garcia's proposed instructions were the *exact* instructions that the

District Court actually delivered to the jury, and Wilson-Garcia specifically requested that

the District Court give those instructions.  Wilson-Garcia cannot now complain of alleged

errors that he himself introduced.[1]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[1] We have recognized an exception to the "invited error" doctrine "[w]here a defendant submits proposed jury instructions in reliance on current law, and on direct appeal that law is declared constitutionally infirm."  West Indies Transp., Inc., 127 F.3d at 305.  That situation is not presented in this case.